**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>                   Plaintiff, ) <br> vs. ) <br> JEROME MICHAEL BELL, ) <br>                   Defendant. ) | Case No. 2:15-cr-00011-JCM-CWH <br><br> **ORDER** |

Presently before the Court is Defendant Jerome Michael Bell's Motion to Dismiss Counsel (ECF No. 130), filed on April 20, 2016.

Also before the Court is Defendant's Affidavit (ECF No. 131), filed on April 27, 2016.

Also before the Court is Defendant's Affidavit (ECF No. 132), filed on May 10, 2016.

**I.    MOTION TO DISMISS COUNSEL**

Defendant requests that the Court dismiss his attorney for failure to provide effective assistance at trial. The Court notes that Defendant filed a similar motion (ECF No. 125) on March 30, 2016, which the Court denied on March 31, 2016. (Order (ECF No. 126).)

Local Criminal Rule 44-3(b) governs the continuity of representation on appeal when counsel was appointed for trial. Subsection 44-3(b)(2) states that "[i]f the attorney is unable to, or should not, represent the defendant on appeal, the attorney must at the sentencing hearing request to be relieved as attorney and for the appointment of an attorney for the appeal. After the notice of appeal has been filed, this relief must be sought from the Court of Appeals." Given that Defendant filed a notice of appeal (ECF No. 122), any requests regarding Defendant's representation must be directed to the United States Court of Appeals for the Ninth Circuit. The Court therefore will deny Defendant's motion to dismiss counsel (ECF No. 130) without prejudice.

## II. AFFIDAVITS

Defendant filed two affidavits (ECF Nos. 131-32.) The first affidavit requests that Defendant's counsel file a motion to reconsider judgment of acquittal. The second affidavit informs the Court of foul play in the courts. Under Local Rule IA 11-6(a), "[a] party who has appeared by attorney cannot while so represented appear or act in this case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." Given that Defendant continues to be represented by an attorney, the Court will strike Defendant's affidavits from the docket. Defendant is advised that all filings in his case must be made by his attorney.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Jerome Michael Bell's Motion to Dismiss Counsel (ECF No. 130) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court must STRIKE Defendant's Affidavits (ECF Nos. 131-132).

DATED: May 12, 2016.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**