UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JEROME MICHAEL BELL and DESHAWN WALKER,<br><br>Defendant(s). | Case No. 2:15-CR-11 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Jerome Bell's ("defendant") motions for appointment of counsel, ostensibly to assist him prepare and file a § 2255 motion. (ECF Nos. 191, 192).

**I.　Background**

A grand jury returned a three-count indictment against defendant on January 14, 2015. (ECF No. 12). Defendant was charged with one count of conspiracy to commit armed bank robbery, one count of armed bank robbery, and one count of using and carrying a firearm. *Id.* A superseding indictment charging the defendant with the same offenses was returned on January 6, 2016. (ECF No. 85). Defendant was tried in March 2016. (ECF Nos. 111, 114). After a two-day trial, the jury found defendant guilty of all three counts. (ECF No. 120). Defendant was sentenced on June 20, 2016. (ECF No. 144).

Defendant was sentenced to 57 months imprisonment on counts one and two, to run concurrently, and 84 months consecutive imprisonment on count three, for a total of 141 months, with a total of five years of supervised release to follow. (ECF No. 148). Defendant was also

ordered to pay $4,518 in restitution, jointly and severally with co-defendant Deshawn Walker. *Id.* Defendant unsuccessfully appealed his conviction and sentence. (ECF No. 190).

Defendant has not filed a § 2255 motion. Defendant asks for counsel to be appointed, apparently to help him draft and file one. (ECF Nos. 191, 192).

**II.     Legal Standard**

There currently exists no absolute, constitutional right to appointment of counsel for petitioners making a collateral attack on a conviction, including § 2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, (1987) ("[W]e have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995); ("[T]here is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"); *Irwin v. United States*, 414 F.2d 606 (9th Cir. 1969).

There are, however, circumstances when counsel must be appointed. Appointment of counsel to represent indigent defendants is required in 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Appointment of counsel is also required where an evidentiary hearing must be held, but where one is not mandated the decision to appoint counsel is discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) ("Such appointment of counsel becomes mandatory when an evidentiary hearing is required.").

Absent circumstances that mandate appointment of counsel, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a petitioner seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 when "the court determines that the interests of justice so require[.]" *See also* 28 U.S.C. § 1915(a) and Rule 8(c) of the Rules Governing Section 2255 Proceedings.

**III.    Discussion**

Ordinarily, "[t]he failure of a moving party to include points and authorities in support of the motion constitutes a consent to denying the motion." LCR 47-3. However, "the standard practice of federal courts is to interpret filings by pro se litigants liberally and to afford greater

James C. Mahan
U.S. District Judge

- 2 -

latitude as a matter of judicial discretion." *Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998). On the other hand, this court "lacks the power to act as a party's lawyer, even for pro se litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

Defendant indicates in his request for counsel that he may be entitled to § 2255 relief because of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (ECF Nos. 191, 192). Defendant does not contend that his case is complex or requires an evidentiary hearing. *Id.* Accordingly, the appointment of counsel is discretionary, and the court must consider whether the interests of justice require appointment.

The court does not find that the interests of justice require appointment of post-conviction counsel in this case, and defendant does not present reasons to the contrary. Defendant was able to clearly articulate his belief that his § 2255 motion would be warranted because "*Davis* invalidated the 924(c)(3)(B) residual clause." (ECF No. 192). On appeal, the government contended that armed bank robbery is a crime of violence pursuant to the residual clause. *Id.* Defendant clearly argued the effect the *Davis* holding has on the government's argument. (ECF No. 192).

However, the court does not have the benefit of a pending § 2255 motion before it, and defendant does not allege complexity or whether an evidentiary hearing will be necessary. Although this court construes defendant's request for counsel liberally, it cannot create grounds for appointment from whole cloth. Consequently, the court denies the defendant's request without prejudice.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for appointment of counsel (ECF No. 191) be, and the same hereby is, DENIED without prejudice.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1     IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 192) be, and the same hereby is, DENIED without prejudice.

DATED September 26, 2019.

                                      */s/ James C. Mahan*
                                UNITED STATES DISTRICT JUDGE