UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JEROME MICHAEL BELL,<br><br>　　　　　Defendant. | CASE NO.: 2:15-CR-00011-JCM-CWH<br><br>**<u>ORDER</u>** |

Presently before the court is petitioner Jerome Bell's *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF Nos. 194, 195). The government filed a response, (ECF No. 204), to which petitioner replied, (ECF No. 205).

## I.     Background

On January 2, 2015, petitioner and his co-defendant violently robbed a bank. (ECF Nos. 12, 204). In 2016, petitioner was found guilty at trial of 1) conspiracy to commit armed bank robbery; 2) armed bank robbery; and 3) using, carrying, and brandishing a firearm during and in relation to a crime of violence. (ECF Nos. 114, 120). This court sentenced him to a total of 141 months' imprisonment: two concurrent sentences of 57 months on the conspiracy and armed bank robbery counts, and a consecutive sentence of 84 months on the remaining count. (ECF No. 144). Petitioner appealed his conviction and sentence, but the Ninth Circuit affirmed. (ECF Nos. 146, 187). Petitioner now moves to vacate his sentence due to ineffective counsel. (ECF Nos. 194, 195).

## II.    Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions exist because the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Furthermore, a petitioner's claims are procedurally barred if they could have been raised on direct appeal are not. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). However, procedural default is excused if the defendant can show cause *and* prejudice, or actual innocence. *Id.*

To successfully invoke ineffective assistance of counsel, a petitioner must demonstrate that 1) "'counsel's representation fell below an objective standard of reasonableness'" and 2) "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

### III. Discussion

This court rules on the instant motion without a hearing. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) ("Merely conclusory statements in a § 2255 motion are not enough to require a hearing."); *United States v. Shah*, 878 F.2d 1156, 1159 (9th Cir. 1989).

Having reviewed the record, this court denies the instant motion. (ECF Nos. 194, 195).

#### A.   Petitioner's § 2255 motion

The purpose of the effective assistance guarantee is "to ensure that criminal petitioners receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must show that her counsel's performance was deficient and that she was prejudiced by that deficiency. *Id.* at 687.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id.* at 689. To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In addition, to show deficiency in the counsel's performance, a defendant must show that "counsel

made errors so serious that counsel was not functioning [in the capacity] guaranteed to the defendant by the Sixth Amendment." *Ainsworth v. Woodford*, 268 F.3d 868, 873 (9th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687).

If counsel's conduct was deficient, defendant must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694.

Petitioner argues that his trial counsel was ineffective because: 1) trial counsel failed to appropriately advise defendant while plea bargaining, 2) trial "counsel did not come visit but once during pretrial, also counsel threatened him, failed to file any pretrial motions, . . . or present any meaningful evidence during trial 'subject to adversarial test[ing]'" and 3) appellate counsel was "ineffective for challenging only whether bank robbery remains a § 924(c) predicate crime of violence, and asserts that appellate counsel should have challenged the sufficiency of evidence demonstrating that the bank he robbed was FDIC insured." (ECF No. 194, 195, 204).

As to trial counsel's performance while plea bargaining, petitioner makes clear that plea negotiations were communicated to him; petitioner simply wanted an agreement in writing. (ECF No. 205). Petitioner makes only conclusory statements that counsel has failed him at this juncture; "conclusory allegations" which are not supported by "a statement of specific facts" do not warrant habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Stein v. United States*, 390 F.2d 625, 627 (9th Cir. 1968) ("It is well-established that mere conclusory allegations are not sufficient to warrant relief under a 2255 motion."). Even taking petitioner's allegations as true, counsel appears to have fulfilled his obligations by informing petitioner of possible plea bargains. (ECF No. 196). Accordingly, this court cannot find that counsel's performance was deficient here.

As to counsel's performance in and around trial, petitioner offers clearer statements on deficiencies, but this court finds that none of the alleged deficiencies would have prejudiced petitioner in light of the evidence against him. (ECF Nos. 194, 195). Petitioner lists errors such as a failure to use "DNA test result[s] to prove Bell was not a contributor to the DNA if any on all

articles of clothing, CAD log[] recording[s], body cam footage for impeachment purposes of testimony from Detective Beverage, [and counsel should not have] agree[d] to remove expert witness from jury instructions." (*Id.*). However, petitioner fails to articulate how any additional evidence would have assisted him. (ECF Nos. 194, 195, 205). Even when the court gives petitioner's *pro se* statements of deficiency the benefit of the doubt, the alleged deficiencies would not have prejudiced petitioner. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)). Petitioner merely speculates on what counsel could have uncovered. The record demonstrates that defendant's counsel did in fact "subject the prosecution's case to meaningful adversarial testing." (ECF No. 194, 195).

Finally, petitioner's claim regarding appellate counsel falls short as well. Petitioner asserts that appellate counsel erred in failing to challenge the sufficiency of evidence demonstrating that the bank he robbed was FDIC insured. (ECF No. 195). However, again, the record demonstrates that counsel's conduct was reasonable, if not strategic. The status regarding FDIC insurance was quite clear at trial. (ECF No. 154); *see* Jones v. Smith, 231 F.3d 1227, 1239 n.8 (9th Cir. 2000); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985). Especially here, petitioner's "disagreement with . . . counsel's tactical decision cannot form the basis for a claim of ineffective assistance of counsel." *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001). Petitioner wished that appellate counsel challenged the FDIC certification, because he did not see any such certificate hanging in the bank vault. (ECF No. 205).

B. *Certificate of appealability*

Where the court denies a petitioner's § 2255 motion, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made a substantial showing of the denial of a constitutional right to justify issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability. *See Slack*, 529 U.S. at 484.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 194) be, and the same hereby is, DENIED.

The clerk is directed to enter a separate civil judgment denying petitioner's § 2255 motion in the matter of *Bell v. United States,* case number 2:15-cr-00011-JCM-CWH-1.

DATED: December 30, 2020.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE