# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:15-CR-00011-JCM-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| JEROME MICHAEL BELL, | |
| Defendant. | |

Presently before the court is defendant Jerome Bell's *pro se* motion for compassionate release. (ECF No. 244). Bell's appointed federal public defender ("FPD") filed a supplement in support of his motion. (ECF No. 264). The government filed a response (ECF No. 265), to which Bell's FPD replied. (ECF No. 272).

Also before the court is the government's motion for leave to file two exhibits under seal. (ECF No. 267).

### I.   Background

On March 22, 2016, a jury found Bell guilty of (1) conspiracy to commit armed bank robbery, (2) armed bank robbery, and (3) use or carrying a firearm during and in relation to a crime of violence, armed bank robbery. (ECF No. 120). Bell was sentenced to 141 months in custody, followed by five years of supervised release. (ECF No. 148). Bell's projected release date is April 23, 2026. He now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 244; 264).

. . .

. . .

. . .

## II. Discussion

### A. Motion to seal

The government moves to file two exhibits to its opposition to Bell's motion under seal. (ECF No. 267). The court finds that compelling reasons exist to grant the government's motion.

The need to keep the information in the exhibits sealed outweighs the public's interest in disclosure and access to court records. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (explaining that courts must balance the competing interests "of the public and the party who seeks to keep certain judicial records secret"). The government is given leave to file its exhibits under seal and the clerk is instructed to maintain them under seal.

### B. Motion for compassionate release

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion for compassionate release and reduce his term of incarceration to time served. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.* The court may grant the defendant's motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

To grant compassionate release, the court must consider whether: (1) "extraordinary and compelling reasons" warrant release; (2) release would be "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) release is warranted under the "particular circumstances of the case" based on the factors outlined in 18 U.S.C. § 3553(a). *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). "Although a district court must conclude that

a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy *any* of these grounds." *Id.*

Under the most recent U.S. Sentencing Guidelines amendment, "extraordinary and compelling reasons" include (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was a victim of abuse while serving his term of imprisonment; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release." U.S.S.G. 1B1.13(b).

The court need not "provide a lengthy explanation" for its decision on compassionate release so long as "context and the record reflect that [it] considered the defendant's substantive arguments and offered a reasoned basis" for its decision. *Wright*, 46 F.4th at 950 (citations omitted). Ultimately, the decision to grant or deny compassionate release is within the district court's discretion, but the defendant bears the burden of establishing his eligibility for compassionate release. *Id.* at 951; *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

Bell argues that he should be granted compassionate release because of the conditions at Beaumont USP. (ECF No. 244 at 1). Specifically, he alleges that the safety and security, prison staffing, violence, the lack of programming, and his inability to receive proper care and treatment at the prison warrant his release.[1] (*Id.*). The government opposes, arguing that Bell has failed to make a showing that extraordinary and compelling reasons exist to grant his motion, and the sentencing factors also weigh against his release. (ECF No. 265).

---

[1] His FPD adds that he is being subjected to 23-hour lockdowns. (ECF No. 264).

The court finds that Bell has not demonstrated that extraordinary and compelling reasons exist to grant compassionate release. Bell has not provided any evidence that he is suffering from any illness, impairment, or condition as provided in U.S.S.G. 1B1.13(b)(1).

Bell also argues that the catch-all provision of U.S.S.G. 1B1.13(b)(1) warrants his release. This provision provides that extraordinary and compelling reasons exist if "any other circumstances or combination of circumstances…when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. 1B.13.(b)(5). Bell's motion and his FPD's supplement rely on conclusory statements and fail to provide this court with any authority that his alleged circumstances are similar in gravity to those in paragraphs (1) through (4) of U.S.S.G. 1B1.13(b).

Moreover, Bell's FPD argues that the factors set forth in 18 US.C § 3553(a) also support granting the instant motion. (ECF No. 264 at 6). However, Bell has failed to show that extraordinary and compelling reasons warrant his release. Thus, the court need not consider the remaining predicates, including the consideration of the sentencing factors, that must be met to grant compassionate release. *See Wright*, 46 F.4th at 945.

### III.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Bell's *pro se* motion for compassionate release (ECF No. 244) be, and the same hereby is, DENIED without prejudice.

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED that the government's motion to file exhibits under seal (ECF No. 267) be, and the same hereby is, GRANTED.  The clerk of court is INSTRUCTED to maintain ECF No. 266 under seal.

DATED: January 27, 2025.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE